09/27/2007 THU 8:03 FAX 8017631374 STRATUS INSURANCE                    ☑003/015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| MARC REICHMANN,<br><br>                                    Plaintiff,<br><br>                    -against-<br><br>PRO PERFORMANCE SPORTS, LLC, MODELL'S N.Y. II, INC.<br>MODELL'S II, INC., MODELL'S SPORTING GOODS, INC. and<br>MODELL'S SPORTING GOODS #47,<br><br>                                    Defendants. | INDEX NO.: **112256/07**<br>DATE PURCHASED<br>**SEP 11 2007**<br>*Plaintiff designates*<br>**NEW YORK COUNTY**<br>*as the Place of Trial*<br><br>**SUMMONS**<br><br>*The Basis of Venue is:*<br>Residence of Defendants |

*To the Above Named Defendants:*

**YOU ARE HEREBY SUMMONED,** to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is completed if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you default for the relief demanded herein.

Dated: New York, New York
        September 7, 2007

Yours, etc.
THE LAW FIRM OF ALLEN L. ROTHENBERG
Attorneys for Plaintiff
MARC REICHMANN
450 Seventh Avenue – 11th Floor
New York, New York 10123
212-563-0100

NOTICE: The object of this action is to recover for personal injury due to defendants' negligence.

The relief sought:        MONETARY DAMAGES.

Upon failure to appear, judgment will be taken against you by default for a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter, together with interest from August 26, 2005, and the costs and disbursements of this action.

DEFENDANTS' ADDRESSES

RO PERFORMANCE SPORTS, LLC

MODELL'S N.Y. II, INC.

MODELL'S II, INC.

MODELL'S SPORTING GOODS, INC.

MODELL'S SPORTING GOODS #47

-RIDER-

DEFENDANTS

| | | |
|---|---|---|
| **PRO PERFORMANCE SPORTS, LLC**<br>12310 World Trade Drive<br>Suite 108<br>San Diego, CA 92128 | and | 12375 World Trade Drive<br>San Diego, CA 92128 |
| **MODELL'S N.Y. II, INC.**<br>c/o Secretary of State | | |
| **MODELL'S II, INC.**<br>c/o Secretary of State | | |
| **MODELL'S SPORTING GOODS, INC.**<br>c/o Secretary of State | | |
| **MODELL'S SPORTING GOODS #47**<br>110 Rockland Plaza<br>Nanuet, N.Y. 10954 | | |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

| | |
|---|---|
| MARC REICHMANN,<br><br>                              Plaintiff,<br><br>          -against-<br><br>PRO PERFORMANCE SPORTS, LLC, MODELL'S N.Y. II, INC.<br>MODELL'S II, INC., MODELL'S SPORTING GOODS, INC. and<br>MODELL'S SPORTING GOODS #47,<br><br>                              Defendants. | **VERFIED COMPLAINT**<br><br>Index No.:  1 1 2 2 5 6/07<br>**SEP 1 1 2007** |

Plaintiff, complaining of the Defendants by his attorneys, **THE LAW FIRM OF**

**ALLEN L. ROTHENBERG,** upon information and belief, respectfully alleges:

### AS AND FOR A FIRST CAUSE OF ACTION
#### (Negligence)

1.     Plaintiff MARC REICHMANN is a resident of the State of New York, County of Westchester.

2.     At all times herein mentioned, Defendant PRO PERFORMANCE SPORTS, LLC, (hereafter referred to as Defendant "PRO PERFORMANCE"), was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

3.     At all times herein mentioned, Defendant PRO PERFORMANCE was and still is a foreign corporation authorized to do business in the State of New York.

4.     At all times herein mentioned, Defendant MODELL'S N.Y. II, INC. (hereafter referred to as Defendant "MODELL'S N.Y.") was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

5.     At all times herein mentioned, Defendant MODELL'S N.Y. was and still is a foreign corporation authorized to do business in the State of New York.

6.    At all times herein mentioned, Defendant MODELL'S II, INC., (hereafter referred to as Defendant "MODELL'S II"), was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

7.    At all times herein mentioned, Defendant MODELL'S II was and still is a foreign corporation authorized to do business in the State of New York.

8.    At all times herein mentioned, Defendant MODELL'S SPORTING GOODS, INC. (hereafter referred to as Defendant "MODELL'S SPORTING"), was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

9.    At all times herein mentioned, Defendant MODELL'S SPORTING was and still is a foreign corporation authorized to do business in the State of New York.

10.    At all times herein mentioned, Defendant MODELL'S SPORTING GOODS #47 (hereafter referred to as Defendant "MODELL'S #47"), was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

11.    At all times herein mentioned, Defendant MODELL'S #47) was and still is a foreign corporation authorized to do business in the State of New York.

12.    At all times herein mentioned, Defendant MODELL'S #47 was and still is a subsidiary of the Defendants MODELL'S N.Y., MODELL'S II, and MODELL'S SPORTING.

13.    At all times herein mentioned, Defendants MODELL'S N.Y., MODELL'S II, and MODELL'S SPORTING were the parent companies of Defendant MODELL'S #47.

14.    At all times herein mentioned and prior, Defendant PRO PERFORMANCE, its agents, servants, partners and/or employees were and/or still are engaged in the manufacture, design, distribution, testing, installation, assembly, advertisement, inspection and sale of a sports ball striking training device entitled "Hit-A-Way" to the public.

09/27/2007 THU 8:04  FAX 8017631374 STRATUS INSURANCE                    ☑007/015

15.    At all times herein mentioned and prior, Defendant MODELL'S N.Y., its agents, servants, partners and/or employees were and/or still are engaged in the distribution, advertisement, inspection and sale of a sports ball striking training device entitled "Hit-A-Way" to the public.

16.    At all times herein mentioned and prior, Defendant MODELL'S II, its agents, servants, partners and/or employees were and/or still are engaged in the distribution, advertisement, inspection and sale of a sports ball striking training device entitled "Hit-A-Way" to the public.

17.    At all times herein mentioned and prior, Defendant MODELL'S SPORTING, its agents, servants, partners and/or employees were and/or still are engaged in the distribution, advertisement, inspection and sale of a sports ball striking training device entitled "Hit-A-Way" to the public.

18.    At all times herein mentioned and prior, Defendant MODELL'S #47, its agents, servants, partners and/or employees were and/or still are engaged in the distribution, advertisement, inspection and sale of a sports ball striking training device entitled "Hit-A-Way" to the public.

19.    Prior to August 26, 2005, Defendants PRO PERFORMANCE, MODELL'S N.Y., MODELL'S II, MODELL'S SPORTING and MODELL'S #47, their agents, servants, partners and/or employees, did sell the "Hit-A-Way" product to Plaintiff Marc Reichmann.

20.    The aforesaid "Hit-A-Way" product was negligently designed, manufactured, assembled, inspected, tested, advertised, marketed, altered, modified, distributed and sold by Defendants PRO PERFORMANCE, MODELL'S N.Y., MODELL'S II, MODELL'S SPORTING and MODELL'S #47 on or before August 26, 2005.

09/27/2007 THU 8:04 FAX 8017631374 STRATUS INSURANCE                    ☑008/015

21.   On August 26, 2005 Plaintiff was caused to be seriously and severely injured, through no fault of his own, but as a result of the Defendants' negligent design, manufacture, assembly, inspection, testing, advertising, marketing, alteration, modification, distribution and sale of the "Hit-A-Way" product; in failing to warn persons, particularly Plaintiff Marc Reichmann, of the aforementioned conditions; in failing to warn persons of the dangerous, defective and/or unsafe condition so as to cause the incident herein complained of; in creating and maintaining a hazard, menace, nuisance and trap thereat and in failing to comply with the statutes, ordinances, rules and regulations made and provided for the safe and proper use of the aforesaid "Hit-A-Way" product.

22.   On August 26, 2005 Plaintiff Marc Reichmann was seriously injured while using the "Hit-A-way" product.

23.   This action falls within one or more of the exceptions set forth in CPLR §1602.

24.   By reason of the foregoing, Plaintiff Marc Reichmann sustained serious, severe and permanent personal injuries and harm, became sick, sore, lame and disabled; suffered injury to his nervous system; suffered mental anguish, pain and suffering, loss of quality and/or enjoyment of life; was confined to hospital, bed and home and may, in the future, be so confined; was incapacitated from attending to his usual and may, in the future, be so incapacitated; has incurred and will incur great expense for medical care and attention, and Plaintiff was otherwise damaged.

25.   By reason of the foregoing, Plaintiff Marc Reichmann has been damaged in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Warranty)

26.    Plaitniff repeats, realleges and reiterates each and every allegation set forth in the first cause of action with the same force and effect as if more fully set forth herein.

27.    The Defendants, in connection with their business activities as aforementioned, warranted and represented, expressly or impliedly, that said "Hit-A-Way" product was fit, capable and proper for its ordinary and reasonably foreseeable purposes and for he uses and purposes for which same were intended to be used.

28.    The Defendants, in connection with their business activities as aforementioned, warranted and represented, expressly and impliedly, that said "Hit-A-Way" product was safe in connection with its uses and further that same were of merchantable quality and not reasonably dangerous.

29.    Said "Hit-A-Way" product was expected to and did reach the user and consumer without substantial change in condition, in which it was manufactured, sold and/or distributed by Defendants.

30.    Plaintiff Marc Reichmann relied upon the skill and judgment of he Defenants and their representations, advertising, marketing and warranties aforementioned in connection with the use of said "Hit-A-Way" product.

31.    On or about August 26, 2005, while relying upon Defendants' skill, representations advertising, marketing and warranties, Plaintiff Marc Reichmann was injured while using the "Hit-A-Way" product.

32.    Said representations and warranties, advertising and marketing aforementioned were false, insufficient, misleading and inaccurate in that said portable basketball unit was and proven to

be unsound and unsuitable for the purposes for which it was intended and was unsafe, dangerous, improper and not of merchantable quality and thus Defendants breached their warranties by selling the "Hit-A-Way" product.

33.    Defendants' breaches of its expressed and implied warranties directly and proximately caused Plaintiff's injures and damages described herein.

34.    By reason of the foregoing, Plaintiff March Reichman sustained serious, severe and permanent personal injuries and harm, became sick, sore, lame and disabled; suffered injury to his nervous system; suffered mental anguish, pain and suffering, loss of quality and/or enjoyment of life; was confined to hospital, bed and home and may, in the future, be so confined; was incapacitated from attending to his usual duties and may, in the future, be so incapacitated; has incurred and will incur great expense for medical care and attention, and Plaintiff was otherwise damaged.

35.    By reason of the foregoing, Plaintiff Marc Reichmann has been damaged in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.


## AS AND FOR A THIRD CAUSE OF ACTION
### (Strict Liability)

36.    Plaitniff repeats, realleges and reiterates each and every allegation set forth in the first cause of action with the same force and effect as if more fully set forth herein.

37.    At the time Defendants placed the subject sports ball striking training device entitled "Hit-A-Way" into the stream of commerce, said unit was defective in its design, manufacture, advertising and marketing and was not reasonably safe.

38.    At those times, said sports ball striking training device entitled "Hit-A-Way" was in a defective condition, which was dangerous to users, the general public and in particular, Plaintiff.

39.    A safer, alternative design and alternative advertising and marketing was economically and technologically feasible at the time the product left the control of Defendants.

40.    On August 26, 2005 the aforesaid sports ball striking training device entitled "Hit-A-Way" was inherently dangerous.

41.    At the time of the occurrence herein, said sports ball striking training device entitled "Hit-A-Way" was being used by Plaintiff for the purposes and in the manner intended.

42.    Defendants knew or should have known that said sports ball striking training device entitled "Hit-A-Way" was defective in its design, manufacture, marketing and advertising, prior to placing it into the stream of commerce.

43.    Defendants failed to warn the purchasers, owners and users of the sports ball striking training device entitled "Hit-A-Way," including Plaintiff, that said product was defective.

44.    Plaintiff Marc Reichmann could not, by exercise of reasonable care, have discovered the defects herein mentioned and/or perceived their danger.

45.    By reason of the foregoing, Defendants are strictly liable in tort to plaintiff for the design, manufacture, distribution, sale, marketing and advertising of a defective sports ball striking training device entitled "Hit-A-Way" which caused Plaintiff's injuries.

46.    By reason of the foregoing defective design, manufacture, distribution, sale, advertising and marketing of the subject sports ball striking training device entitled "Hit-A-Way" product, Plaintiff Marc Reichmann sustained serious, severe and permanent personal injuries and harm, became sick, sore, lame and disabled; suffered injury to his nervous system; suffered mental

09/27/2007 THU 8:05 FAX 8017631374 STRATUS INSURANCE                    ☒012/015

anguish, pain and suffering, loss of quality and/or enjoyment of life; was confined to hospital, bed

and home and may, in the future, be so confined; was incapacitated from attending to his usual

duties and may, in the future, be so incapacitated; has incurred and will incur great expense for

medical care and attention, and Plaintiff was otherwise damaged.

47.    By reason of the foregoing, Plaintiff Marc Reichmann has been damaged in a sum

of money having a present value which exceeds the jurisdictional limits of all lower courts which

would otherwise have jurisdiction of this matter.


WHEREFORE, Plaintiff demands judgment against Defendants:

a.    On the First Cause of Action, in a sum of money having a present value which

exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this

matter, together with interest and the costs and disbursements of this action.

b.    On the Second Cause of Action, in a sum of money having a present value which

exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this

matter, together with interest and the costs and disbursements of this action.

c.    On the Second Cause of Action, in a sum of money having a present value which

exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this

matter, together with interest and the costs and disbursements of this action.

Dated:  New York, New York
        September 7, 2007

Yours, etc.
THE LAW FIRM OF ALLEN L. ROTHENBERG
Attorneys for Plaintiff
MARC REICHMANN
450 Seventh Avenue – 11th Floor
New York, New York 10123
212-563-0100

09/27/2007 THU 8:06 FAX 8017631374 STRATUS INSURANCE ☒013/015

STATE OF NEW YORK    )
COUNTY OF NEW YORK  )

BRADLEY S. HAMES, ESQ., an attorney admitted to practice in the Courts of the State of New York. The undersigned affirms that the following statements are true under the penalties of perjury.

That deponent is associated with THE LAW FIRM OF ALLEN L. ROTHENBERG, Attorneys for the Plaintiff in the within action; that deponent has read the foregoing complaint and knows the contents thereof; that same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes it to be true. Deponent further says that the reason this verification is made by deponent and not by Plaintiff is that Plaintiff now resides outside of the County where your deponent holds his office.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:

Information and investigation in the file.

Dated: New York, New York
       September 7, 2007

                                    BRADLEY S. HAMES, ESQ.

## CERTIFICATION

The following papers are certified pursuant to Section 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR) :

### SUMMONS AND VERIFIED COMPLAINT

Dated: New York, New York
      September 7, 2007

Yours, etc.,
THE LAW FIRM OF ALLEN L. ROTHENBERG

By: _____
        Bradley S. Hames, Esq.
Attorneys for Plaintiff
MARC REICHMANN
450 Seventh Avenue – 11th Floor
New York, New York 10123
212-563-0100

09/27/2007 THU 8:06 FAX 8017631374 STRATUS INSURANCE                    ☑015/015

Index No.:              Year:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MARC REICHMANN,

                                                                    Plaintiff,

        -against-

PRO PERFORMANCE SPORTS, LLC, MODELL'S N.Y. II, INC. MODELL'S II, INC., MODELL'S
SPORTING GOODS, INC. and MODELL'S SPORTING GOODS #47,

                                                                    Defendants.

---

### SUMMONS AND VERIFIED COMPLAINT

---

#### THE LAW FIRM OF ALLEN L. ROTHENBERG
Attorney for Plaintiff
MARC REICHMANN
450 Seventh Avenue – Eleventh Floor
New York, New York 10123
212-563-0100
*"WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION (FAX)"*

---

*Service of a copy of the within*                           *is hereby admitted*
*Dated:*

                                    _____
                                    *Attorney(s) for*

PLEASE TAKE NOTICE
___    NOTICE OF ENTRY
        That the within is a (certified) true copy of an ORDER entered in the office of the Clerk of the within named court
        on

___    NOTICE OF SETTLEMENT
        That an ORDER of which the within is a true copy will be presented for settlement to the Hon.
        One of the judges of the within named court, at the courthouse located at                New York,
        on            , 2002, at 10:00 A.M.
Dated: New York, New York

                                    THE LAW FIRM OF ALLEN L. ROTHENBERG
                                    Attorney for Plaintiff
                                    450 Seventh Avenue - Eleventh Floor
                                    New York, New York 10123
                                    212-563-0100