UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARC REICHMANN,                                                             Docket No.:
                                                                            **07 CIV 9300**
                              Plaintiff,                    (BSJ) (GWG)

    - against -
                                                                            **ANSWER**

PRO PERFORMANCE SPORTS, LLC,
MODELL'S N.Y. II, INC., MODELLS II, INC.,
MODELLS SPORTING GOODS, INC. and
MODELL'S SPORTING GOODS #47,

                              Defendants.
------------------------------------------------------------------X

        Defendant, **PRO PERFORMANCE SPORTS, LLC** ("Pro Performance"), through its attorneys, **CATALANO GALLARDO & PETROPOULOS, LLP**, as and for a Verified Answer to Plaintiff's Verified Complaint, respectfully alleges upon information and belief as follows:

### ANSWERING THE FIRST CAUSE OF ACTION

        1.      Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "1" of the Verified Complaint.

        2.      Denies each and every allegation contained in Paragraph "2" of the Verified Complaint in the form alleged.

        3.      Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "3" of the Verified Complaint in the form alleged, except admits that Pro Performance is incorporated under the laws of the State of California.

        4.      Denies each and every allegation contained in Paragraph "4" of the Verified Complaint in the form alleged.

5. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "5" of the Verified Complaint in the form alleged, except admits that Modell's N.Y. II, Inc. is incorporated under the laws of the State of Delaware.

6. Denies each and every allegation contained in Paragraph "6" of the Verified Complaint in the form alleged.

7. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of the Verified Complaint in the form alleged, except admits that Modell's II, Inc. is incorporated under the laws of the State of Delaware.

8. Denies each and every allegation contained in Paragraph "8" of the Verified Complaint in the form alleged.

9. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the Verified Complaint in the form alleged, except admits that Modell's Sporting Goods, Inc. is incorporated under the laws of the State of Delaware.

10. Denies each and every allegation contained in Paragraph "10" of the Verified Complaint.

11. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "11", "12", and "13" of the Verified Complaint.

12. Denies each and every allegation contained in Paragraph "14" of the Verified Complaint.

13. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "15", "16", "17", "18", and "19" of the Verified Complaint.

14. Denies each and every allegation contained in Paragraphs "20", "21", and "22" of the Verified Complaint.

15. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "23" of the Verified Complaint and respectfully refer all questions of law to the Court.

16. Denies each and every allegation contained in Paragraph "24" of the Verified Complaint.

17. Denies each and every allegation contained in Paragraph "25" of the Verified Complaint and respectfully refers all questions of law to the Court.

### ANSWERING THE FIRST CAUSE OF ACTION

18. With respect to Paragraph "26" of the Verified Complaint, Defendant PRO PERFORMANCE repeats, reiterates, and realleges each and every response heretofore made with respect to Paragraphs "1" through "25" of the Verified Complaint with the same force and legal effect as if more fully set forth at length herein.

19. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "27" and "28" of the Verified Complaint and respectfully refers all questions of law to the Court.

20. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "29", "30", and "31" of the Verified Complaint.

21. Denies each and every allegation contained in Paragraphs "32" and "33" and respectfully refers all questions of law to the Court.

22. Denies each and every allegation contained in Paragraph "34" of the Verified Complaint.

23. Denies each and every allegation contained in Paragraph "35" and respectfully refers all questions of law to the Court.

### ANSWERING THE SECOND CAUSE OF ACTION

24. With respect to Paragraph "36" of the Verified Complaint, Defendant PRO PERFORMANCE repeats, reiterates, and realleges each and every response heretofore made with respect to Paragraphs "1" through "35" of the Verified Complaint with the same force and legal effect as if more fully set forth at length herein.

25. Denies each and every allegation contained in Paragraph "37" and respectfully refers all questions of law to the Court.

26. Denies each and every allegation contained in Paragraphs "38", "39", "40", "41", "42", "43", and "44" of the Verified Complaint.

27. Denies each and every allegation contained in Paragraph "45" and respectfully refers all questions of law to the Court.

28. Denies each and every allegation contained in Paragraphs "38", "39", "40", "41", "42", "43", and "44" of the Verified Complaint.

29. Denies each and every allegation contained in Paragraph "45" and respectfully refers all questions of law to the Court.

30. Denies each and every allegation contained in Paragraph "46" of the Verified Complaint.

31. Denies each and every allegation contained in Paragraph "47" and respectfully refers all questions of law to the Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

32. Upon information and belief, pursuant to CPLR § 304 this Court lacks jurisdiction over the person of the defendant PRO PERFORMANCE.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

33. This answering defendant is a non-domiciliary of the State of New York and has performed no acts consistent with CPLR § 302(a) which empower this Court to exercise personal jurisdiction over this defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

34. If the Plaintiff sustained any personal injuries or damages as alleged in the Verified Complaint, such injuries or damages were the result of the culpable conduct of the Plaintiff. Should it be found that the Defendant, PRO PERFORMANCE, is liable to the Plaintiff, any such liability being specifically denied, then said Defendant alleges that if any damages are found, they are to be apportioned among the Plaintiff and Defendant herein according to the degree of responsibility that each will be found to have in proportion to the entire measure of responsibility pursuant to CPLR §1412.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

35. If the Plaintiff sustained any personal injuries or damages as alleged in the verified complaint, such injuries or damages were caused, aggravated or contributed to by the Plaintiff's failure to take reasonable efforts to mitigate damages, and any award made to the Plaintiff must be reduced in such proportion and to the extent that the injuries complained of were caused, aggravated, or contributed to by said failure to mitigate damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

36. Whatever injuries and/or damages were sustained by the Plaintiff at the time and place alleged herein were the result of the Plaintiff's assumption of risk, in realizing and knowing the hazard and dangers thereof and in assuming all of the risk necessary and incidental to such an undertaking.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

37. Whatever injuries and/or damages were sustained by the Plaintiff at the time and place alleged herein were the result of the Plaintiff's own negligence, and any award made to the Plaintiff must be reduced in such proportion and to the extent that the injuries complained of were caused, aggravated, or contributed to by the Plaintiff's own negligence.

### AS AND FOR A CROSS-CLAIM AGAINST DEFENDANTS, MODELL'S N.Y. II, INC., MODELLS II, INC., MODELLS SPORTING GOODS, INC. and MODELL'S SPORTING GOODS #47, FOR INDEMNIFICATION AND CONTRIBUTION

38. That if any party sustained injuries and damages in the manner and at the time and place alleged in the Plaintiffs' complaint, and if it is found that this answering Defendant is liable to any such party herein, all of which is specifically denied, then this Defendant is entitled to contractual and common law indemnification from and judgment over against all other defendants herein, for all or part of any verdict or judgment that may be recovered together with costs and attorneys fees.

39. That if the defendant MODELL'S N.Y. II, INC., MODELLS II, INC., MODELLS SPORTING GOODS, INC. and/or MODELL'S SPORTING GOODS #47, contributed in whole or in part to this occurrence, and if any recovery is had by any party

against this answering Defendant, this Defendant demands contribution in whole or in part from the aforesaid parties as a result of its/their wrongful conduct.

**WHEREFORE**, this answering defendant demands judgment dismissing the complaint herein, and/or granting judgment against the defendants, MODELL'S N.Y. II, INC., MODELLS II, INC., MODELLS SPORTING GOODS, INC. and MODELL'S SPORTING GOODS #47, together with the costs and disbursements of this action.

Dated: Jericho, New York
      October 22, 2007

                      Yours, etc.,

                      **CATALANO GALLARDO**
                         **& PETROPOULOS, LLP**

By: _____
      **DOMINGO R. GALLARDO (DRG 4197)**
      Attorneys for Defendant -
      PRO PERFORMANCE SPORTS, LLC.
      100 Jericho Quadrangle - Suite 214
      Jericho, New York 11753
      516-931-1800
      File No.: 40-623

TO:   The Law Firm of Allen L. Rothenberg
        Attorney(s) for Plaintiff
        MARC REICHMANN
        450 Seventh Avenue – Eleventh Floor
        New York, New York 10123
        (212) 563-0100

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ) SS:
COUNTY OF NASSAU       )

**PATRICIA NUGENT**, being duly sworn, deposes and says that deponent is over 18 years of age, resides in Suffolk County, New York and deponent is not a party to the action.

That on the 22nd day of October, 2007 deponent served the within **ANSWER** upon:

The Law Firm of Allen L. Rothenberg
Attorney(s) for Plaintiff
MARC REICHMANN
450 Seventh Avenue – Eleventh Floor
New York, New York 10123
(212) 563-0100

Modell's NY II, Inc.
c/o National Registered Agents, Inc.
160 Greentree Drive
Suite 101
Dover, Delaware

the attorneys for the respective parties in this action, at the above addresses designated by said attorneys for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, to its last known place of business, in an official depository of the United States Postal Service in New York State.

*Patricia Nugent*
PATRICIA NUGENT

Sworn to before me this
22nd day of October, 2007

_____
Notary Public

June D. Reiter
Notary Public, State of New York
02RE6104948
Qualified in Nassau County
Commission Expires February 2, 2008